UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TROYVOR LEON TILLMAN                                         CIVIL ACTION

VERSUS                                                       NUMBER: 19-12819

DEXTER GASPARD (TERREBONNE                                   SECTION: "A"(5)
PARISH CORRECTIONAL OFFICER),
ET AL.

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by pro se Plaintiff, Troyvor Leon Tillman, against Defendants, Dexter Gaspard, a correctional officer employed at the Terrebonne Parish Criminal Justice Complex ("TPCJC"); Jerry J. Larpenter, Sheriff of Terrebonne Parish; and Gordon E. Dove, President of the Terrebonne Parish Consolidated Government. (Rec. docs. 6; 4-1, pp. 1, 4).

Plaintiff is an inmate of TPCJC since his arrest on unspecified charges on August 14, 2019. (Rec. doc. 4-1, p. 3). As his statement of claim herein, Plaintiff alleges as follows:

> September 3 at 12:20 pm we was given a write up me and Damon Nelson and Damon refuse to sign the write up cause he said he was down bad for writing us up so he elbow me to get to Damon Nelson and drop his papers to punch and choke Damon and Damon needed his breathing treatment

*Id.* at p. 5.

In his prayer for relief, Plaintiff asks only that the criminal charges lodged against him be dropped. *Id.*

As noted above, Plaintiff has instituted suit herein IFP pursuant to 28 U.S.C. §1915. (Rec. doc. 6). A proceeding brought IFP may be dismissed if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 42 U.S.C. §1997e(c). Giving

the instant complaint a liberal reading, it is the recommendation of the undersigned that this matter be dismissed for failure to state a claim upon which relief can be granted.

Under 42 U.S.C. §1997e(a), an inmate is required to exhaust available prison administrative remedies before bringing suit. That statute, which was enacted in 1996 as part of the Prison Litigation Reform Act ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Clifford v. Gibbs*, 298 F.3d 328, 329 (5th Cir. 2002)(citing *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002)). Exhaustion must be proper and in full compliance with applicable prison procedural rules and deadlines; substantial compliance with administrative procedures is insufficient. *Guy v. LeBlanc*, No. 13-CV-2792 c/w 13-CV-5033, 2015 WL 65303 at *9 (E.D. La. Jan. 5, 2015)(citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). Exhaustion of administrative remedies is essentially a condition precedent to bringing suit. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "Pre-filing exhaustion is mandatory, and the case <u>must</u> be dismissed if available administrative remedies were not exhausted." *Id.* (emphasis added). Although the exhaustion requirement is in the nature of an affirmative defense, "… a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007)(footnote omitted); *see also Moore v. Thaler*, 436 Fed.Appx. 311, 312 (5th Cir. 2011).

Just like the plaintiffs in *Naquin v. Larpenter*, No. 18-CV-14199, 2019 WL 3229358 (E.D. La. Jul. 17, 2019), *Jones v. Larpenter*, No. 13-CV-0056, 2013 WL 1947243 at *1 (E.D. La. Apr. 12, 2013), *adopted*, 2013 WL 1947188 (E.D. La. May 10, 2013), and *Authement v. Terrebonne Parish Sheriff's Office*, No. 09-CV-5837, 2009 WL 4782368 at *7 (E.D. La. Dec. 3, 2009), Plaintiff admits on the face of his complaint that TPCJC has a prisoner grievance procedure in place at that facility. (Rec. doc. 4-1, p. 3). He also candidly admits that he did not present the facts alleged in his complaint to the prison grievance procedure because of his erroneous and mistaken belief that they are "[o]utside [the] scope of [the] procedure/occurred outside of incarceration location." (*Id.*). Given that Plaintiff makes clear on the face of his complaint that he has not exhausted the remedies that are available to him through the TPCJC prisoner grievance procedure, his complaint should be dismissed with prejudice for failure to state a claim pursuant to §§1915(e)(2)(B)(ii) and 1997e(c). *Naquin*, 2019 WL 3229358 at *3; *Jones*, 2013 WL 1947188 at *1; *Authement*, 2009 WL 4782368 at *1. Even if that were not the case, the Court would nevertheless recommend that Plaintiff's complaint be dismissed for the following reasons.

Plaintiff gives no indication in his complaint of the capacity in which the named Defendants are being sued. "When a pro se plaintiff does not specify in his complaint whether a defendant is named in his or her official or individual capacity, it is generally presumed by operation of law that the defendant is named in his or her official capacity." *Douglas v. Gusman*, 567 F.Supp. 2d 877, 888-89 (E.D. La. 2008). "'In a suit brought against a municipal official in his [or her] official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury.'" *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009)(quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir.

3

2007), *cert. denied*, 555 U.S. 813, 129 S.Ct. 42 (2008)). "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity.'" *Id.* (quoting *Colle v. Brazos County, Texas*, 982 F.2d 237, 245 (5th Cir. 1993)). Rather, the plaintiff "... must <u>identify</u> the policy or custom which allegedly caused the deprivation of his constitutional rights." *Id.* (citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).

Measured against the foregoing standards, Plaintiff's allegations against the named Defendants in their official capacity fail to state a claim upon which relief can be granted as he does not allege that the purported deprivation resulted from a policy or custom, much less identify any such policy or custom. *Carter*, 2009 WL 3231826 at *2. Viewing Plaintiff's allegations as having been made against the named Defendants in their individual capacity, Plaintiff fares no better because "[p]laintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." *Id.* at *1 (quoting *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)). This is so because "'[p]ersonal involvement is an essential element of a civil rights cause of action.'" *Id.* (quoting *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)). Thus, "[t]o state a cause of action under §1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F.Supp. 931, 943 (S.D. Tex. 1996)(citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Moreover, supervisory officials like the Sheriff ". . . cannot be held liable for federal civil rights violations allegedly committed by his subordinates based merely on a theory of strict liability or vicarious liability." *Id.* (footnotes omitted).

*Respondeat superior* is simply not a concept that is applicable to proceedings brought under §1983. *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659 (1985); *Lozano v. Smith*, 719 F.2d 756, 768, (5th Cir. 1983); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

The statement of claim set forth in Plaintiff's complaint contains allegations directed to a male individual without identifying precisely which or any of the three named Defendants that the Plaintiff refers to. Based on its experience in handling matters such as these, the Court is hard pressed to believe that high ranking officials like the Sheriff had any involvement in the day-to-day operations of TPCJC, much less individuals like the Parish President who are not even duly-commissioned law enforcement individuals. Assuming for present purposes that Plaintiff's allegations are directed to Officer Gaspard, Plaintiff complains only that he was elbowed by the officer in the course of a physical altercation with another inmate. As Plaintiff does not allege that he required medical attention as a result of any physical contact that he may have had with the officer, he appears to have suffered, at most, only *de minimis* injuries that are insufficient to justify an award of compensatory damages under 42 U.S.C. §1997e(e) even if Plaintiff had requested such relief. *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 631 (5th Cir. 2003)(vomiting and nausea caused by raw sewerage on floor of cell were *de minimis*); *Abney v. Valdez*, No. 05-CV-1645, 2005 WL 3147863 at *2 (N.D. Tex. Oct. 27, 2005)(daily migraines, frequent urination, and itchy, watery eyes were *de minimis*). Plaintiff, however, does not request monetary damages, only his release from prison, a remedy that is not available under §1983. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90, 93 S.Ct. 1827, 1836-37 (1973). These authorities provide additional

reasons supporting the dismissal of Plaintiff's complaint pursuant to §1915(e)(2)(B)(ii) and §1997e(c).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and 42 U.S.C. §1997e(c).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[1]

New Orleans, Louisiana, this  17th  day of        October       , 2019.

 _____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.